Thomas A. Kearney (State Bar No. 90045)
tak@kearneylittlefield.com
Prescott W. Littlefield (State Bar No. 259049)
pwl@kearneylittlefield.com
**KEARNEY LITTLEFIELD LLP**
3436 N. Verdugo Rd., Ste. 230
Glendale, California 91208
Telephone  (213) 473-1900
Facsimile   (213) 473-1919

Gene J. Stonebarger (State Bar No. 209461)
gstonebarger@stonebargerlaw.com
Richard D. Lambert (State Bar No. 251148)
rlambert@stonebargerlaw.com
**STONEBARGER LAW**
A Professional Corporation
75 Iron Point Circle, Suite 145
Folsom, CA 95630
Telephone (916) 235-7140
Facsimile (916) 235-7141

*Attorneys for Plaintiff Paul Bihari*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BIHARI, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>    v.<br><br>CROSS ROADS OF THE WEST GUN SHOW,<br><br>        Defendant. | Case Number:<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *ET SEQ.***<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Paul Bihari ("Plaintiff") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Cross Roads of the West Gun Show ("Defendant"), in negligently and/or willfully contacting Plaintiff through SMS or "text" messages on Plaintiff's wireless telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION AND VENUE

2. The Court possesses federal question subject matter jurisdiction over TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

3. Venue is proper in this district under 28 U.S.C. § 1391 because Defendant continuously conducts business in this district.

## PARTIES

4. Plaintiff Paul Bihari is, and at all times mentioned herein was, a citizen and resident of the State of California.

5. Defendant is, and at all times mentioned herein was, a business that operates various gun shows at, among other venues, the following cities in California: Ventura, Ontario, Del Mar, Costa Mesa, and Daly City. Plaintiff is unaware of the type of business organization under which Defendant conducts business.

## FACTUAL ALLEGATIONS

6. In recent years, marketers stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations to consumers easily and cheaply.

1       7.     One of the newest methods of bulk marketing is to advertise through text messages sent to mobile phones.

      8.     Unlike faxes and unanswered phone calls, a text message allows virtually instantaneous communication with the recipient, almost anywhere in the world, day or night. Many cellular phones immediately alert the recipient of new text messages. Consumers frequently use text messaging to stay in close contact with business colleagues and associates, family members, and friends. Text messaging is also used by schools, police departments, fire departments, and emergency medical services across the country.

      9.     The instantaneous nature of text message communication makes it very appealing to telemarketers—and very annoying to consumers subjected to spam text messages.

      10.     This Action is about Defendant's use of text messaging to drive customers to Defendant's gun shows.

## THE TEXTS

      11.     At some time Plaintiff visited a gun show put on by Defendant. Plaintiff made a purchase that required him to provide a phone number. He did not provide his phone number to Defendant for the purposes of receiving solicitations and was not informed that he would be receiving solicitations at that phone number.

      12.     At no time did Plaintiff provide express written consent to Defendant to receive solicitations on his wireless phone.

      13.     Nonetheless, on two separate occasions, Defendant sent solicitations to Plaintiff on his wireless phone. The messages read as follows:

3
CLASS ACTION COMPLAINT



14. The above-referenced messages were sent from an "SMS Shortcode".

15. The above-referenced messages were sent using an ATDS.

16. Defendant never advised Plaintiff in writing or otherwise that it would use his wireless number to send him promotional text messages through an ATDS.

17. The above-referenced messages constitute "calls" under the TCPA that were not made for emergency purposes, as defined by 47 U.S.C. § 227 (b)(1)(A).

18. Defendant made these calls to promote its goods and services.

19. Defendant made these calls to Plaintiff's wireless telephone number using an "automatic telephone dialing system" ("ATDS")—as defined by 47 U.S.C. § 227 (a)(1) and as prohibited by 47 U.S.C. § 227 (b)(1)(A)—which had the capacity to store or produce and dial numbers randomly or sequentially, and to

place telephone calls and/or send text messages to Plaintiff's cellular telephone number.

20. Plaintiff's telephone number is, and at all relevant times was, assigned to a cellular telephone service, as set forth in 47 U.S.C. 227(b)(1)(A)(iii).

21. Plaintiff is the authorized, intended, and/or sole user of the cellular telephone number that Defendant called and/or to which it sent text messages.

22. Defendant intended to call and/or send text messages to—and in fact called and/or sent text messages to—Plaintiff's wireless telephone number, and Plaintiff received the calls and/or text messages.

23. Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited text messages pursuant to 47 U.S.C. § 227 (b)(1)(A).

24. These calls and/or text messages invaded Plaintiff's privacy. These telephone text messages by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class") as follows:

> All persons within the United States who received any SMS or text messages from Defendant or its agents on any wireless phone during the period of time beginning October 17, 2013 and continuing until the date the Class is certified.

26. Defendant and its employees or agents are excluded from the Class.

27. Plaintiff does not know the number of members of the Class, but believes the Class Members number in the thousands, if not more. Therefore, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

28. The joinder of the Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class Members, including the following:

    a. Whether Defendant or its agents sent SMS or text messages without the recipients' prior express written consent;

    b. Whether Defendant or its agents used any automatic telephone dialing system to send SMS or text messages;

    c. Whether the numbers that were sent SMS or text messages were assigned to a wireless carrier;

    d. Whether SMS or text messages constitute calls for the purposes of the TCPA;

    e. Whether Plaintiff and the Class Members are entitled to statutory damages for SMS or text messages received; and

    f. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

30. Because Plaintiff received at least one unsolicited telephone SMS or text message from Defendant without prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

31. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the

individual Class Members' claims, few, if any, Class Members could afford to individually seek legal redress for the wrongs complained of herein.

32. Plaintiff has retained counsel experienced in handling consumer class action claims.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class Members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

34. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

35. Plaintiff will seek certification under Federal Rule 23(b)(2) for the injunctive relief and Rule 23(b)(3) for damages.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §§ 227 *ET SEQ.*

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant, using an ATDS, sent text messages to Plaintiff and the other Class Members at telephone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

38. By using an ATDS, Defendant was able to effectively send thousands of text messages simultaneously to lists of thousands of cellular phone numbers of

consumers without human intervention. These text messages were made *en masse* without the prior express written consent of Plaintiff and the other members of the Class to receive such text messages.

39. The foregoing acts and omissions of Defendant and its agents constitute violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.*

40. As a result of Defendant's and Defendant's agents' violations of 47 U.S.C. §§ 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.*

42. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

43. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully requests the Court grant Plaintiff and the other Class Members the following relief against Defendant:

1. As a result of Defendant's and Defendant's agents' violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

2. As a result of Defendant's and Defendant's agents' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

3. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks for himself and each Class Member injunctive relief prohibiting such conduct in the future.

4. Plaintiff seeks for himself and each Class Member an award of reasonable attorneys' fees and costs to Plaintiff's counsel, including attorneys' fees, *inter alia*, pursuant to California Code Civil Procedure Section 1021.5.

5. Plaintiff seeks for himself and each Class Member any other relief the Court may deem just and proper or any other remedy available for Defendant's violations alleged herein.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: April 15, 2016                    Respectfully submitted,

                                         By: /s/ *Richard D. Lambert*
                                             Richard D. Lambert
                                             Stonebarger Law, APC
                                             Attorneys for Plaintiff Paul Bihari